**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAYA STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24 CV 1703 |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| GATEWAY SCHOOL DISTRICT, *et al.,* | ) | |
| | ) | Re: ECF No. 53 |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Plaintiff Maya Stephens has filed a Motion to Disqualify Attorney Denis Dice for Conflict of Interest. ECF No. 53. For the following reasons, the Motion to Disqualify is denied.

Ms. Stephens asserts that Attorney Denis Dice ("Attorney Dice") has a disqualifying conflict of interest with Defendants Chelsea Dice and Bruce E. Dice & Associates, P.C. She alleges that Attorney Dice and Chelsea Dice have a "close" familial relationship, and that Chelsea Dice's "legal interests may diverge" from her law firm, Bruce E. Dice & Associates, P.C. Thus, Ms. Stephens argues that Attorney Dice's representation of Ms. Dice and his concurrent representation of both clients is impermissible under Rules 1.7(a)(2) and 1.8(i) of the Pennsylvania Rules of Professional Conduct. <u>Id.</u> As relief, Ms. Stephens seeks an order disqualifying Attorney Dice from representing any party; an order requiring the retention of independent counsel for Ms. Dice's law firm; or an order requiring disclosure of written waivers of any conflict of interest.

In response to the Motion to Disqualify, Chelsea Dice and Attorney Dice attest to a third-degree familial connection. ECF Nos. 63-1 and 63-2. But the two had not met before this litigation, and then only met because Attorney Dice is panel counsel for the insurance carrier providing a

1

defense to Chelsea Dice and her law firm. Id. Chelsea Dice also states that her interests do not

conflict with those of Bruce E. Dice & Associates, P.C. Id.

Motions to disqualify counsel are disfavored, particularly when advanced without factual

support.

> "The district court's power to disqualify an attorney derives from its inherent
> authority to supervise the professional conduct of attorneys appearing before it."
> United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980). However,
> "[d]isqualification is a harsh measure and is generally disfavored by the court."
> Buschmeier v. G & G Invs., Inc., No. 02:03mc00506, 2007 WL 4150408, at *5
> (W.D. Pa. Nov. 19, 2007) (McVerry, J.). Thus, disqualification "never is
> automatic" and "the court should disqualify an attorney only when it determines,
> on the facts of the particular case, that disqualification is an appropriate means of
> enforcing the applicable disciplinary rule." Miller, 624 F.2d at 1201. "Additionally,
> the court must prevent litigants from using motions to disqualify opposing counsel
> for tactical purposes." Hamilton v. Merrill Lynch, 645 F. Supp. 60, 61 (E.D. Pa.
> 1986).

> To resolve a disqualification motion, the Court takes a two-step approach. First, the
> Court asks whether the representation has been or will be an ethical violation. See
> Jackson v. Rohm & Haas Co., No. CIV.A. 05-4988, 2008 WL 3930510, at *2 (E.D.
> Pa. Aug. 26, 2008). This District has adopted, with a minor modification,
> Pennsylvania's Rules of Professional Conduct as the applicable rules. W.D. Pa. L.
> Cv. R. 83.3(A)(2). Second, the Court asks whether disqualification is the
> appropriate sanction for the violation. See Jackson, 2008 WL 3930510, at *2….
> Ultimately, the burden falls on the moving party to "clearly show that continued
> representation by opposing counsel would be impermissible." Buschmeier, 2007
> WL 4150408, at *5.

Williams v. Williams, No. 2:23-CV-00715, 2023 WL 4042733, at *2 (W.D. Pa. June 16, 2023).

In this case, the Court need not consider the second step because Ms. Stephens fails to meet

her burden to show that Attorney Dice's representation of Chelsea Dice and Bruce E. Dice &

Associates, P.C. is impermissible under Rule 1.7(a)(2) or Rule 1.8(i) of the Pennsylvania Rules of

Professional Conduct. Rule 1.7(a)(2) precludes concurrent representation of two clients if a

conflict of interest exists because representation of one client "will be materially limited by the

lawyer's responsibilities to another client, … or by a personal interest of the lawyer." Pa. R. Prof.

C. 1.7(a)(2). Rule 1.8(i) provides that "[a] lawyer shall not acquire a proprietary interest in a cause of action that the lawyer is conducting for a client, except that the lawyer may: (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and, (2) contract with a client for a reasonable contingent fee in a civil case."

Ms. Stephens asserts the existence of impermissible conflicts but does not provide any basis for the Court to find that Attorney Dice's distant relationship with Chelsea Dice provides the basis for an improper proprietary interest in the litigation. Nor does Ms. Stephens provide any factual support for her assertion that Attorney Dice's concurrent representation of Chelsea Dice and Bruce E. Dice & Associates, P.C. violates Rule 1.7(a)(2) or Rule 1.8(i).

The Court concludes that Ms. Stephens' motion is advanced without the reasonable inquiry required by Federal Rule of Civil Procedure 11(b). Ms. Stephens is reminded of the Court's admonition in its Order dated March 26, 2025, that Rule 11 applies to unrepresented parties as well as to counsel for represented parties. ECF No. 19.

To be clear, Federal Rule of Civil Procedure 11(b) provides that in presenting a pleading, written motion, or other paper to the Court, an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).

Rule 11(c) provides that a court may impose an appropriate sanction on a party who has violated Rule 11(b) upon consideration of a properly served and presented motion or on the Court's own initiative after the issuance of an order to show cause. Sanctions may include an order to pay a penalty into court or, if imposed on motion and warranted for effective deterrence, an order directing payment of part or all of the reasonable attorney's fees and other expenses directly resulting for the violation.

In this case, Chelsea Dice and Bruce E. Dice & Associates, P.C. have not presented a motion for sanctions. However, Ms. Stephens is cautioned that the Court will not countenance frivolous motions presented without the required inquiry based on existing or likely existing factual support. Going forward, the Court will consider properly presented motions for sanctions and order payment of attorney's fees or such other suitable relief when and as appropriate.

Therefore, this 16th day of June, 2025, IT IS HEREBY ORDERED that the Motion to Disqualify Attorney Denis Dice for Conflict of Interest is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
  United States District Judge

  Maya Stephens by Notice of Electronic Filing
  All counsel by Notice of Electronic Filing