IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAYA STEPHENS/EX, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24 CV 1703 |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| GATEWAY SCHOOL DISTRICT, *et al.,* | ) | |
| | ) | Re: ECF No. 60 |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a "Request for Appointment of Sep[a]rate Pro Bono Counsel for Minor Children and Reservation of Rights Regarding Pro Bono Counsel for Plaintiff." ECF No. 60. Defendants have filed their responses to the Request for Appointment of Counsel. ECF Nos. 66-70. For the following reasons, the motion is denied without prejudice.

Plaintiff Maya Stevens/EX, National of the United States ("Ms. Stephens"), brings this action *pro se* against several local and state educational agencies and employees, and counsel acting on their behalf. ECF No. 5. Ms. Stephens alleges that Defendants violated her rights under the McKinney-Vento Act, 42 U.S.C § 11431, *et seq.*, denied her due process, unlawfully retaliated against her and her children, defamed her, and caused her children to suffer emotional distress. Ms. Stephens' claims arise out of Gateway School District's ("District") determination that her family no longer resides in the District and that her daughters were subject to disenrollment for the 2024-2025 school year despite their alleged homeless status.[1]

---

[1] This action is based on the enrollment status of Ms. Stephens' daughters. She also has a younger son. For the 2024-2025 school year, her son attended school in the Riverview School District where Ms. Stephens currently resides. See Status Conf. Transcript, ECF No. 75 at 14, 28.

The Court held a status conference with all parties on June 6, 2025. It is not disputed that Ms. Stephens' daughters remained enrolled in District schools through the completion of the 2024-2025 school year based on the pendency of Ms. Stephens' state administrative appeal of disenrollment. See McKinney-Vento Act, 42 U.S.C. §11432(g)(3)(E)(i)(the Act's "Pendency Provision" provides that a homeless child subject to an enrollment dispute "shall be immediately enrolled in the school in which enrollment is sought, pending final resolution of the dispute, including all available appeals."). The Court stressed that in the best interest of the children, school placement for the 2025-2026 school year should be resolved soon.

The Court raised whether Ms. Stephens would agree to the appointment of *pro bono* counsel on her behalf to facilitate resolution of this matter. Ms. Stephens stated she would not accept the appointment of counsel on her behalf. The Court explained that Ms. Stephens may not bring claims on behalf of her minor children in this litigation. See, e.g., Martin v. Piserchia, No. 23-2166, 2024 WL 3812071, at *2, 5-6 (D.N.J. Aug. 14, 2024) (citing Osei–Afriyie ex rel. Osei–Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882–83 (3d Cir. 1991)). Ms. Stephens now moves for the appointment of *pro bono* counsel to pursue claims asserted in her Complaint on their behalf. See, e.g., ECF No. 5 at 2 (seeking damages for emotional distress and embarrassment allegedly suffered by her children).

Ms. Stephens' request is denied without prejudice. The Complaint identifies Ms. Stephens as the only party-plaintiff. Therefore, the Court is without a basis to seek or appoint counsel on behalf of her children. That said, Ms. Stephens may continue to pursue her claims for the alleged violation of her own constitutional rights and the alleged violation of her rights under the McKinney-Vento Act. See Martin 2024 WL 3812071, at *11 *n.*11 (citing G.S. By J.S. v. Rose

2

<u>Tree Media Sch. Dist.</u>, 914 F.3d 206, 211 (3d Cir. 2018) (per curiam) (holding in suit brought by plaintiff-parents that school district was required to enroll child under McKinney-Vento Act).

Accordingly, this 8th day of July, 2025, IT IS HEREBY ORDERED that the Plaintiff's "Request for Appointment of Sep[a]rate Pro Bono Counsel for Minor Children and Reservation of Rights Regarding Pro Bono Counsel for Plaintiff," ECF No. 60, is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Cathy Bissoon
      United States District Judge

      Maya Stephens by Notice of Electronic Filing
      and by U.S. Mail at:

      Maya J. Stephens
      101 Trefoil Ct.
      Monroeville, PA 15147

      All counsel by Notice of Electronic Filing

3