IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAYA STEPHENS, | ) |
| Plaintiff, | ) Civil Action No. 2:24 CV 1703 |
| v. | ) District Judge Cathy Bissoon |
| | ) Magistrate Judge Maureen P. Kelly |
| GATEWAY SCHOOL DISTRICT, *et al.*, | ) |
| | ) Re: ECF Nos. 83, 86 |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Presently before the Court are two motions filed by Plaintiff Maya Stephens. In Plaintiff's "Motion for Reconsideration and Request for District Judge Oversight," ECF No. 83, she complains that the undersigned improperly resolved "dispositive motions" without an opportunity for Plaintiff to respond within the time she contends is proscribed by Federal Rule of Civil Procedure 6 and Local Civil Rule 7. Plaintiff also complains that the undersigned acted beyond the authority of a Federal Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) by resolving "dispositive motions." The second motion seeks to "Withdraw Magistrate Jurisdiction over Dispositive Matters and Request for Reassignment to Article III District Judge." ECF No. 86. For the following reasons, both motions are DENIED.

"'The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence.'" Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked.... It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." Glendon Energy Co. v.

Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal quotation marks omitted).

Plaintiff's Motion for Reconsideration does not point to any error in law or fact or manifest injustice. Instead, Plaintiff complains that the Court failed to grant her 21 days to file a "response" to Defendants' responses to her Motion to Disqualify Counsel. She cites Federal Rule of Civil Procedure 6 and Local Rule 7 and contends that these rules require the Court to afford her 21 days to file a response to pending motions. Neither rule contains the time allowance urged by Plaintiff.[1] See Fed. R. Civ. P. 6; LCvR 7. If Plaintiff wished to *reply* to Defendants' responses to her nondispositive motion to disqualify counsel, no time allowance is specified by rule and Plaintiff does not present facts or arguments that would have had a bearing on the outcome of her frivolous motions. Thus, Plaintiff's assertion of error or prejudice lacks merit. See Taylor v. Carter, No. 23-2772, 2024 WL 3250362, at *1 (3d Cir. July 1, 2024) (finding no abuse of discretion in denying a motion to file a reply brief where the reply would not have any bearing on the outcome).

Plaintiff also complains that the undersigned improperly resolved "dispositive motions." Plaintiff misunderstands the distinction between dispositive and nondispositive motions and the authority of the undersigned to resolve motions filed to date.

In accordance with Local Civil Rule 72.G, this action was randomly assigned to a United States Magistrate Judge. The United States Court of Appeals for the Third Circuit explained the role of United States Magistrate Judges in resolving cases filed in federal courts.

> Because magistrate judges are not Article III judges, the [Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*] carefully delineates the types of matters that may be referred to magistrate judges, so as to ensure that 'the essential attributes of the

---

[1] Rule 6 provides that subject to certain exceptions that do not apply here, "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing." Fed. R. Civ. P. 6(c)(1). The Motion for Status Conference was served 17 days before the date specified for the conference. ECF Nos. 43, 44. The remaining motions at issue were filed by Plaintiff and thus this provision does not apply. Local Civil Rule 7 does not provide or address time limits for filing briefs in response to motions or reply briefs.

2

judicial power' remain in Article III tribunals, N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 77, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (quoting Crowell v. Benson, 285 U.S. 22, 51, 52 S.Ct. 285, 76 L. Ed. 598 (1932)). See Frazier, 966 F.2d at 816. Relevant here, the Act authorizes district courts to refer nondispositive and dispositive motions to magistrate judges. [However,] "[u]nlike a nondispositive motion (such as a discovery motion), a motion is dispositive if a decision on the motion would effectively determine a claim or defense of a party."

Equal Emp. Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 98 (3d Cir. 2017) (citing Fed. R. Civ. P. 72(a), (b)(1); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998)); and citing Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998) (treating a motion as nondispositive because it "did not dispose of the lawsuit or a claim"). "Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" Id.; 28 U.S.C. § 636(b)(1)(A).

In this case, none of the complained of orders relate to dispositive motions. Plaintiff was advised of her right to appeal each nondispositive order to the District Judge by filing an appeal setting forth the basis for any objection within the time allowed. See ECF Nos. 50, 64, 79. Plaintiff timely appealed the Court's Order denying reconsideration of the Order denying her Motion to Continue the Video Status Conference held on June 6, 2025. ECF No. 51. That appeal was rendered moot by Plaintiff's participation in the scheduled hearing. ECF No. 58. To date, no other appeal has been filed.

Because Plaintiff presents no basis for reconsideration or relief, the Motion for Reconsideration and Request for District Judge Oversight, ECF No. 83, and the Motion to

Withdraw Magistrate Jurisdiction over Dispositive Matters and Request for Reassignment to Article III District Judge, ECF No. 86 are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

Dated: July 10, 2025

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
United States District Judge

Maya Stephens by Notice of Electronic Filing
and by U.S. Mail at Plaintiff's address of record

All counsel by Notice of Electronic Filing